UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LYNDEN E. GORDON,

                Plaintiff,

       v.

GENERAL MOTORS,

                Defendant.

_____

**DECISION AND ORDER**

6:24-CV-06132 EAW

*Pro se* plaintiff Lynden E. Gordon ("Plaintiff") filed this action on February 29, 2024, alleging employment discrimination against Defendant General Motors ("Defendant"). (Dkt. 1). On March 28, 2025, Defendant filed a motion to dismiss (Dkt. 12), and on May 13, 2025, Plaintiff responded by filing a motion to withdraw his complaint without prejudice (Dkt. 16). Defendant does not oppose Plaintiff's request to withdraw his complaint but contends that the dismissal should be with prejudice. (Dkt. 18).

For the following reasons, Plaintiff's motion to withdraw his complaint is granted, Defendant's motion to dismiss is denied as moot, and this action is dismissed without prejudice.

## DISCUSSION

In his complaint, Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of his disability, race, color, and sex, when it failed to provide reasonable accommodations to permit him to perform the essential functions of his job. (Dkt. 1). He asserts claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§

12112-12117, and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290-297. (*Id.*).

On March 28, 2025, Defendant filed a motion to dismiss, arguing that Plaintiff's complaint was subject to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 12). Specifically, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's NYHRL claims and that Plaintiff's failure to accommodate and other discrimination claims fail to state a claim upon which relief may be granted. (Dkt. 12-1 at 6-10). On May 13, 2025, Plaintiff filed his motion to withdraw his complaint without prejudice. (Dkt. 16). Defendant opposes Plaintiff's request to dismiss the complaint without prejudice, arguing in particular that any reassertion of Plaintiff's New York State Human Rights Law would be futile and should be dismissed with prejudice. (Dkt. 18).

As noted, Defendant's argument for dismissal with prejudice centers on its contention that it would be futile for Plaintiff to reassert his NYHRL claims. As noted, the basis for Defendant's motion dismissing those claims is a challenge to this Court's subject matter jurisdiction to resolve them under the election of remedies doctrine. But Defendant's position that these claims should be dismissed with prejudice overlooks the fact that "[w]hen subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *Karupaiyan v. New York*, No. 23-1257-CV, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) (quoting *Green v. Dep't of Educ. of*

*City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021)), *cert. denied*, 145 S. Ct. 271 (2024); *see also Sanders v. New York State*, No. 5:24-CV-1432 (ECC/TWD), 2025 WL 2645541, at *2-3 (N.D.N.Y. Sept. 15, 2025) ("As a general rule, a dismissal for lack of subject-matter jurisdiction must be without prejudice." (citing *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."))).  In other words, even were the Court to accept Defendant's argument as to the viability of Plaintiff's NYHRL claims on subject matter jurisdiction grounds, such a determination would not alter the fact that any dismissal of those claims would necessarily be without prejudice.  *Symotyuk-Knoll v. HealthEquity, Inc.*, No. 1:21-CV-08348 (ALC), 2023 WL 5576405, at *3 (S.D.N.Y. Aug. 29, 2023) (dismissing NYHRL claims without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under election of remedies doctrine).  Defendant has not advanced any argument as to whether Plaintiff's remaining claims should be dismissed with prejudice and as a result, the Court concludes that the dismissal of Plaintiff's complaint without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw his complaint (Dkt. 16) is granted, Defendant's motion to dismiss (Dkt. 12) is denied as moot, and Plaintiff's complaint is dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                      _____
                                                      ELIZABETH A. WOLFORD
                                                      Chief Judge
                                                      United States District Court

Dated:      October 31, 2025
              Rochester, New York